

FILED

JAN 24 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: LARENTZ O. GREENE and DARLENE B. GREENE, <br><br>                Debtors. | Chapter 13 <br><br> Case No. 4-05-bk-00204-JMM |
| In re: PHILIP E. LAGERSTEDT and CAROL M. LAGERSTEDT, <br><br>                Debtors. | Case No. 4-05-bk-02085-JMM |
| In re: CHARLES F. LEETE and MARGARET L. LEETE, <br><br>                Debtors. | Case No. 4-05-bk-03987-JMM |
| In re: DONALD E. BAGAASON and DONNA R. BAGAASON, <br><br>                Debtors. | Case No. 4-05-bk-04622-JMM |
| In re: DONALD V. JOHNSON, <br><br>                Debtor. | Case No. 4-05-bk-04991-JMM |
| In re: STEVEN GILBERT COLEMAN and BEVERLY JEAN COLEMAN, <br><br>                Debtors. | Case No. 4-06-bk-00240-JMM |
| In re: DALE ELLIOTT NEWTON and MARCELLA TERESA NEWTON, <br><br>                Debtors. | Case No. 4-06-bk-00362-JMM |
| In re: SHARON L. WALDVOGEL, <br><br>                Debtor. | Case No. 4-06-bk-00592-JMM |

**MEMORANDUM DECISION**

# INTRODUCTION AND THE LEGAL ISSUE

The legal issue in each of the eight chapter 13 cases listed in the caption is the same, to wit: "What is the legal effect of the chapter 13 Trustee's conditional objection to exemptions?" The short answer is that, once the Debtors' chapter 13 plans were confirmed, as occurred in each of these cases, the terms of the confirmed plans superceded the unspecified general objection, and thus disposed of it. The conditional objection, for all legal purposes, was therefore resolved by the terms of the confirmed plans.

The secondary issue of whether the conditional objection may be resurrected by a chapter 7 trustee is not before the court, and therefore, to opine thereon would constitute an impermissible advisory opinion.

The court's analysis follows.

# DISCUSSION

A chapter 13 case may only be commenced by a voluntary petition. Unlike a chapter 7 or 11 case, a creditor may not commence an involuntary chapter 13 case against a debtor. 11 U.S.C. § 303(a). A voluntary case is commenced by the filing of a petition. § 301.

As in cases under other chapters, a chapter 13 debtor must file schedules and a statement of affairs. The schedules require the debtor to specify the property claimed to be exempt and the legal authority supporting the exemption. See Official Form 6, Schedule C. In addition, a debtor "shall file a plan," § 1321, and that plan must provide, among other things, for payments over a period of years of "all or such portion of future earnings or other future income . . . as is necessary for the execution of the plan." § 1322(a)(1). Importantly, the plan must also pay to creditors, over its life, a sum that is not less than any creditor would expect to realize upon a liquidation under chapter 7. § 1325(a)(4). This requirement is sometimes colloquially known as "the best interests of creditors test."

Once a plan is confirmed, it is binding upon the debtor and his or her creditors, and usually results in a "revesting" of the debtor's property back into his control. In other words, the debtor is not

2

required to liquidate any property, and, so long as he completes his scheduled payments in a timely manner, the debtor will obtain a discharge at the conclusion of the plan's term. §§ 1327 and 1328.

The chapter 13 trustee's role is quite different from that of a liquidating trustee. Although the Trustee is "the representative of the estate," it is her primary duty to ensure that the Debtors' plans conform to the statutory requirements and to monitor the Debtors' compliance with the payment schedules, once plan confirmation is achieved. § 1302. The chapter 13 trustee is not required to liquidate a debtor's estate.

Because one of the Trustee's principal duties is to ensure compliance with the plan, she must therefore scrutinize a debtor's schedules and financial wherewithal. § 1302; §§ 702(2), (4) and (7). Ultimately the Trustee must recommend confirmation of the plan or object to it.

In performing her statutory duties, the Trustee must carefully scrutinize the Debtors' claimed exemptions, and object to any to which the Debtors may not be entitled. FED. R. BANKR. P. 4003(b). Under the Bankruptcy Rules, a trustee (as a "party-in-interest") must generally object with 30 days after the § 341(a) meeting of creditors is concluded. FED. R. BANKR. P. 4003(b). Any objection to a claimed exemption must be made quickly and timely. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 641-42, 112 S.Ct. 1644, 1647-48 (1992).

In the cases now before the court, the following chart indicates the progress of the Debtors' plans:

| Debtor(s) | Date Filed | Chapter 13 Plan Confirmed? | Chapter 13 Plan Modified? | Converted to Chapter 7? |
|---|---|---|---|---|
| Greene | 01/17/05 | 05/08/06 | No | No |
| Lagerstedt | 04/19/05 | 12/13/05 | No | No |
| Leete | 07/19/05 | 05/31/06 | No | No |
| Bagaason | 08/17/05 | 06/21/06 | No | No |
| Johnson | 09/02/05 | 02/13/06 | No | No |
| Coleman | 03/20/06 | 08/11/06 | No | No |
| Newton | 04/11/06 | 09/27/06 | No | No |
| Waldvogel | 05/30/06 | 10/10/06 | No | No |

3

In each of the eight cases involved here, the Trustee, within the applicable time periods, filed a document entitled "Trustee's Conditional Objection to Exemptions." In each case, the conditional objection, in its entirety, read:

> Dianne C. Kerns, the Trustee in the above-captioned estate, hereby conditionally objects to all exemptions listed in Debtor's Schedule C - Property Claimed as Exempt. This conditional objection is filed as a precautionary matter for the purposes of preserving the right to object to exemptions in the event that information regarding the same does not become available in a timely fashion. No response is required unless and until the Trustee files an unconditional objection to a specific exemption.

In each case, the Trustee did not specify which claimed exemption might be opposed, and thus left each objection inspecific and open-ended. In none of the cases now before the court did the Debtors challenge these objections at any time prior to confirmation of their plans. Had they done so, the burden of proof would have been on the Trustee, FED. R. BANKR. P. 4003(c), and, more importantly, the Trustee would have been "flushed out" to either specifically object to particular exemptions or to accept them.

Each of the cases proceeded to plan confirmation, and the potential and dangling objections to claims of exemption were never pursued by any party-in-interest. To date, each of the Debtors' plans is proceeding properly, and each Debtor is in compliance with their payment obligations pursuant thereto.

Also, to date, no Debtor has asked to convert his chapter 13 case to one under chapter 7, § 1307, or to modify his plan, § 1329, nor have issues arisen (such as a sale or refinancing) which might, in theory, cause the "conditional objection" to spring to life.[1]

The arguments presented to the court all deal with whether the Trustee's selected procedural device of the "conditional" objection might somehow adversely affect the Debtors' cases in the future. However, to date, there is no pending dispute which maintains that the "conditional objection" is currently prejudicial to any Debtor.

Thus, since there is no pending dispute, the Debtors are seeking nothing more than an advisory opinion as to the future effect of the conditional objection on the many and various possible courses that their cases could conceivably take. The U.S. Supreme Court long ago cautioned and instructed federal

---

[1] Thus, the looming issue of whether a successor chapter 7 trustee might claim an objection to exemption to "relate back" to the chapter 13 Trustee's conditional objection has not been raised, because that possibility is mere speculation at this time.

4

Case 4:06-bk-00362-JMM    Doc 43    Filed 01/24/07    Entered 01/24/07 14:58:58    Desc
Main Document    Page 4 of 7

courts not to issue advisory opinions. *See, e.g., Muskrat v. United States*, 219 U.S. 346, 356, 31 S.Ct. 250, 253 (1911).

However, the court believes that the parties may be aided by a decision on a more basic, inherent question, which is: "What is the legal effect of the confirmed chapter 13 case upon an unresolved objection to exemptions claimed by a debtor?" The answer to that question may negate further questions spun off by the Trustee's choice of procedure.

In a chapter 13 case, a debtor must provide his or her creditors with at least as much as they could receive in a chapter 7 liquidation. § 1325(a)(4). That amount is determined by adding up the value of all of the debtor's <u>non-exempt</u> assets, and subtracting legitimate liens from that total. Then, other deductions are made for priority claims and administrative expenses. Initially, the chapter 13 debtor will provide a "reconciliation analysis," which takes a first pass at this sum, and then he or she bases the plan payout on such total. In so doing, the debtor <u>excludes</u> the value of the property claimed exempt in his Schedule C. At that point, it becomes the responsibility of the trustee and/or the creditors to challenge the accuracy of the debtor's calculus. If no objections are made, nor made and sustained, and if the debtor's chapter 13 plan otherwise complies with the Bankruptcy Code's requirements, the debtor's plan will be confirmed. Thus, in that context, the debtor's plan - with its <u>automatic exclusion</u> of the debtor's <u>claimed exemptions</u> - becomes the <u>confirmed</u> plan. That is exactly what happened in each of the eight cases before the court.

As noted above, a confirmed plan is <u>binding</u> on the debtor, the trustee, and the creditors. § 1327. Once confirmed and final, its legal effect is *res judicata*. *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 218 B.R. 916, 925 (9th Cir. BAP 1998), *aff'd*, 193 F.3d 1083 (9th Cir. 1999). This is so even if it might contain objectionable terms. *Pardee* at 925-26. If no objection is made, the plan, warts and all, becomes final. Thus, in each of these cases, the Debtors' plans were confirmed without the Trustee ever having acted upon her conditional objections, and the Debtors obtained, through the Trustee's inaction, confirmed plans which were based upon an <u>implied</u> <u>approval</u> of their exemption claims. The Trustee's "conditional" objections, never having been pressed by the Trustee, were implicitly overruled, mooted out,

5

Case 4:06-bk-00362-JMM    Doc 43    Filed 01/24/07    Entered 01/24/07 14:58:58    Desc
Main Document    Page 5 of 7

or withdrawn once the Debtors' plans were confirmed. The Trustee's initial protective objection, never apparently requiring court resolution, is analogous to an unresolved motion in a civil case being deemed "denied" once the case is finally decided on the merits. *See* 18 MOORE'S FEDERAL PRACTICE - *Civil* § 131.30[2][a] (3d ed. 2007) ( a final judgment is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"); 60 C.J.S. *Motions and Orders* § 38 (2006) ("[E]ntry of final judgment in a cause is an effective overruling of all motions pending in the case.").

Simply put, the Trustee's use of the word "conditional" in her exemption objection did not mean that the pleading retained a life of its own which existed beyond plan confirmation.

Finally, as to whether it is appropriate for the Trustee to file "conditional" objections at all, is an issue which is properly directed to others. The answer to that question deals with the administration of the case, which bankruptcy courts have been prohibited from doing since passage of the Bankruptcy Reform Act in 1978. *See, e.g.,* 11 U.S.C. § 341(c) (court may neither preside at, nor attend the meeting of creditors). The decision as to how to deal with a case's unknown components is more properly within the province of the trustees themselves, the practicing bar, and perhaps the Office of the U.S. Trustee. The bankruptcy court only decides disputes, and does not deal with the minutiae of how the law is practiced by those charged with doing so.

Thus, the Debtors' objections will be OVERRULED as moot.

A separate order will issue. FED. R. BANKR. P. 9021. Any appeal must be perfected within ten days of its entry on the docket. FED. R. BANKR. P. 8002.

DATED: January 24, 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

6

Case 4:06-bk-00362-JMM   Doc 43   Filed 01/24/07   Entered 01/24/07 14:58:58   Desc
Main Document   Page 6 of 7

| | |
|---|---|
| 1 | COPIES mailed this 24th day of January, 2007, to: |
| 2 | |
| 3 | Andrew Nemeth<br>Phillips & Associates<br>3030 N. Third Street, Eleventh Floor |
| 4 | Phoenix, AZ 85012-3409<br>Attorneys for Debtors |
| 5 | |
| 6 | Dianne C. Kerns and Craig Morris<br>7320 N. La Cholla #154<br>PMB 413 |
| 7 | Tucson, AZ 85741-2305<br>Chapter 13 Trustee and Attorney for Trustee |
| 8 | |
| 9 | Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ  85003-1706 |
| 10 | |
| 11 | |
| 12 | By /s/   M. B. Thompson<br>       Judicial Assistant |